UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ANN PEREIRA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DRUG ENFORCEMENT ADMINISTRATION,<br><br>Defendant. | CASE NO. 1:13-CV-0884 AWI BAM<br><br>ORDER GRANTING MOTION TO DISMISS AND DISMISSING ACTION FOR LACK OF JURISDICTION |

**BACKGROUND**

On March 12, 2013, Plaintiff Debra Ann Pereira filed a civil complaint with the Superior Court of the District of Columbia. In this document, Plaintiff seeks the return of seized currency. While the legal basis of the action is unclear, it appears to be a request for the return of property pursuant to Rule 41(g) of the Federal Criminal Rules of Procedure. The action was removed to the United States District Court, District of Columbia, and then it was transferred to the Eastern District of California, Fresno Division.

On July 12, 2013, the United States Drug Enforcement Administration filed a motion to dismiss the complaint on the ground that the Court does not have subject matter jurisdiction. Plaintiff filed no opposition or other document indicating how this Court has jurisdiction.

**LEGAL STANDARD**

A party may move to dismiss a claim or an entire action on the ground that the Court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001) (*abrogated on other grounds by* Hertz Corp. v. Friend, 559 U.S. 77 (2010)). It is a fundamental precept that federal courts are courts of limited jurisdiction. Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Vacek, 447 F.3d at 1250. "'Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) . . . .'" Robinson v. U.S., 586 F.3d 683, 685 (9th Cir. 2009) (internal citations omitted).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. See Wolfe, 392 F.3d at 362; Meyer, 373 F.3d at 1039. A defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Meyer, 373 F.3d at 1039; Savage, 343 F.3d at 1039 n. 2. The court does not presume the truthfulness of the complaint's allegations under a factual attack. Wood v. City of San Diego, 678 F.3d 1075, 1083 n. 2 (9th Cir. 2011).

# FACTS[1]

On December 28, 2012, approximately $17,285.00 in United States Currency was seized by California Highway Patrol officers from a vehicle located at State Route 99 Merced County, California. On January 22, 2013, the Drug Enforcement Administration (DEA) adopted the currency for federal forfeiture proceedings pursuant to 21 U.S.C. § 881 because the property had been involved in or acquired as a result of a violation of the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.* The DEA then commenced administrative forfeiture process.

Beginning on February 7, 2013, the DEA sent notice of the administrative forfeiture to various individuals, including Plaintiff Debra Ann Pereira.

Plaintiff Debra Ann Pereira sent a letter dated March 13, 2013, to the DEA concerning the currency. The DEA sent a responsive letter dated March 29, 2013, providing Plaintiff Debra Ann Pereira twenty-days to file a formal claim or thirty-days to file a petition for remission or mitigation of forfeiture.

On April 23, 2013, Plaintiff Debra Ann Pereira filed an administrative claim to the currency with the DEA.

On July 12, 2013, the United States Attorney's Office commenced a civil in rem forfeiture action against the currency. See United States v. $17,285.00 in U.S. Currency, 1:13-AT-004713.

# DISCUSSION

Defendant contends that this action should be dismissed. Defendant argues that the Court lacks jurisdiction over this action because a civil forfeiture action against the currency has been filed. Plaintiff has not responded to Defendant's motion.

In general, a party may make a motion requesting the United States return property as an equitable civil action if the United States has not initiated a forfeiture action and there is no pending criminal action. United States v. Ritchie, 342 F.3d 903, 906 (9th Cir. 2003); United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir. 1987). Such equitable civil actions are usually considered under the standards set forth in Rule 41(g) of the Federal Rules of Criminal Procedure. Dismissal of a Rule 41(g) motion is appropriate if the government has initiated administrative

---

[1] The facts are taken from the facts alleged in the complaint and from the evidence provided by Defendant.

forfeiture proceedings when the administrative forfeiture proceedings will provide the movant with an adequate remedy at law as to the seized property. See United States v. Elias, 921 F.2d 870, 871 (9th Cir. 1990); United States v. U.S. Currency $83,310.78, 851 F.2d 1231 (9th Cir. 1988).

The evidence shows that administrative forfeiture proceedings were initiated on January 22, 2013. On July 12, 2013, the United States filed a civil judicial in rem forfeiture action in this Court. As of at least July 12, 2013, this Court was divested of any jurisdiction to consider Plaintiff's request for the return of property in a separate legal action. Plaintiff has an adequate remedy at law to address the property's seizure.

## CONCLUSION AND ORDER

In light of the civil judicial in rem forfeiture action, United States v. $17,285.00 in U.S. Currency, 1:13-AT-00471, the Court does not have jurisdiction over the pending equitable action concerning this same property.

Accordingly, the Court orders that:

1. Defendant's motion to dismiss is GRANTED;
2. This pending action for return of property is DISMISSED without prejudice; and
3. The Clerk of the Court is DIRECTED to close this action for return of property.

IT IS SO ORDERED.

Dated:   October 25, 2013                         _____
                                                  SENIOR DISTRICT JUDGE

4